## Case No. 1,840.

BRENT v. JUSTICES OF THE PEACE.

[1 Cranch, C. C. 434.] [1]

Circuit Court, District of Columbia. July Term, 1807.

UNITED STATES MARSHALS—FEES.

The marshal of the District of Columbia is entitled to a fee of five dollars and fifty cents for summoning and impanelling a coroner's inquest in the county of Alexandria, to be paid by the county.

This was a rule on the justices of Alexandria county, to show cause why a mandamus should not issue against them as a board of commissioners for the taxes of the county, commanding them to settle the marshal's account, and allow him five dollars and fifty cents for summoning and impanelling each coroner's jury, by order of the coroner, they having allowed him only three dollars and fifteen cents, according to the act of assembly of Virginia. By the act of congress of 28th of February, 1799, c. 125, § 1 (1 Stat. 624), the marshal is entitled to four

dollars for summoning each grand and other jury, and for all other services not therein enumerated such fees as are allowed in the supreme court of the state. Impanelling a jury is not one of the services enumerated in the act of congress. But the sheriff's fee in Maryland, for that service, was ninety pounds of tobacco, valued at one dollar and fifty cents, which, added to the four dollars allowed by the act of congress, makes up the fee of five dollars and fifty cents. By the law of Virginia, the coroner's fees for an inquest of death, were a charge upon the county; and the sheriff's fee for summoning a jury of inquest, was three dollars and fifteen cents.

Mr. C. Simms showed cause and contended—1st. That the levy court is not bound to provide for the payment of the coroner's expenses, because the county is not liable to pay. 2d. In the act of congress of 28th of February, 1799, grand and other juries mean juries in court. That act does not apply to a coroner's jury. 3d. That summoning and impanelling are not distinct services, there being no fee in Maryland for summoning, separate from impanelling. 4th. That the marshal cannot summon a coroner's jury. It ought to be summoned by a constable. The marshal is not bound to perform the duty of a sheriff.

Mr. E. J. Lee, contra, contended that,—1st. This was a charge against the county, under the law of Virginia. 2d. That the act of congress means any juries which the marshal is bound to summon. 3d. That the marshal is bound to perform all the duties of a sheriff of Virginia.

Mandamus nisi, awarded. See the case of U. S. v. McDonald, Washington, March, 1802 [Case No. 15.669], in which the court decided that the marshal was entitled to the ninety pounds of tobacco for impanelling a jury.